**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CEDRIC GOLSTON,

                Plaintiff,

    v.

PHILIP V. CORTESE, et al.,

                Defendants.

No. 1:21-CV-914
(GTS/CFH)

---

**APPEARANCES:**

Cedric Golston
02-A-3634
Wallkill Correctional Facility
Box G
Wallkill, New York 12589
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Cedric Golston ("plaintiff") purported to commence this action on August 13, 2021, by filing a complaint. See Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, he submitted a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 3. The undersigned has reviewed plaintiff's IFP motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action.

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of

3

defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted). If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

## B. Plaintiff's Complaint

Plaintiff brings his claims against (1) Philip V. Cortese, in his official and individual capacities, as a Justice of New York State, Clinton County, Family Court, County Court, and Acting Justice of Supreme Court; (2) Matthew J. Sypniewski, in his official and individual capacities as Justice of New York State, Schenectady County Court, and Acting Justice of Supreme Court; (3) the "Office of the Attorney General, in their official capacity, Attorney General for the State of New York"; (4) Robert M.

Carney, in his official capacity as District Attorney of Schenectady County; (5) the County of Clinton; and (6) the County of Schenectady. Compl. at 1.

Plaintiff alleges that on October 24, 2001, he was arrested for a robbery of a Sunmark Federal Credit Union. See Compl. at 5, ¶ 14. "Based on [] [p]laintiff's warrantless arrest[,] search warrants were eventually issued and signed by Judge Michael C. Eidens[.]" Id. ¶ 15. On October 29, 2001, Judge Eidens arraigned plaintiff. See id. at ¶ 16.[2] In January 2002, Judge Eidens denied plaintiff's "omnibus motions[]" and his request to produce the witnesses who allegedly identified him as a participant in the robbery. Id. at ¶¶ 18-19. Judge Eidens then presided over a hearing to amend the indictment, and informed plaintiff that he would appear before Judge Polly A. Hoye for his Wade hearing. See id. at 5-6, ¶ 20. On April 5, 2002, Judge Eidens disclosed that he was a "corporate shareholder and depositor" at the bank plaintiff robbed, creating a conflict of interest. Id. at 6, ¶ 21. Plaintiff "refused . . . to waive Judge Eiden's recusal," Judge Eidens determined that his recusal was mandatory, and he reassigned the case to Judge Hoye. Id. at ¶ 22. Plaintiff was subsequently convicted on the amended complaint. See id. at ¶ 23.

Plaintiff's motion to vacate his conviction was denied. See Compl. at 6-7, ¶ 25. He sought a hearing before Judge Hoye but Judge Hoye denied this request, "overruled" Judge Eiden's determination that his recusal was mandatory, and determined that the recusal was "voluntary to avoid appearance of impropriety, thus the proceedings prior to recusal remain valid." Id. at 13-14, ¶ 49. Plaintiff appealed this decision, which was consolidated with his direct appeal of his conviction and sentence.

---

[2] Plaintiff also states that he was arraigned on November 9, 2001. See Compl. at 16, ¶ 58.

5

See id. at 14, ¶ 50.  On appeal, plaintiff argued that because of Judge Eiden's recusal, every proceeding he presided over was "null and void[.]"  Id. at 7, ¶ 25.  On December 23, 2004, the New York Supreme Court held, inter alia, that "[w]hile it is true that Judge Eiden's statutory disqualification from defendant's case renders the arraignment and plea void[,] . . . it is equally clear that defendant's subsequent appearance and participation at the Wade hearing and trial before another judge constituted submission to County Court's jurisdiction[.]"  People v. Golston, 13 A.D.3d 887, 889, 787 N.Y.S.2d 185 (N.Y. App. Div. 2004) (citations omitted).  Plaintiff contends that the decision created a "lawful order to have all proceedings held before Judge Eidens null and void as they were done in clear absence of all jurisdiction."  Compl. at 7, ¶ 27.  Plaintiff alleges that defendants "opposed following the appellate Court's ruling" and "refused to follow a lawful order."  Id. at 7, ¶¶ 27-28.  Plaintiff avers that defendant Carney also "failed to appeal the holding in" Golston, 13 A.D. at 889, "thus binding all defendants to its determination."  Id. at 5, ¶ 13.  Plaintiff cites People v. Alteri, which states that "[a] statutory disqualification under Judiciary Law § 14 will deprive a judge of jurisdiction . . . and void any prior action taken by such judge in that case before the recusal[.]"  47 A.D. 3d 1070, 850 N.Y.S.2d 258 (N.Y. App. Div. 2008) (citing Golston, 13 A.D. at 889) (additional citations omitted).  Plaintiff contends that Alteri clarifies the Golston holding and requires that all of the proceedings before Judge Eidens must be voided.  See Compl. at 5-6, ¶ 13; 6-7, ¶ 25.

     Plaintiff brought this action against defendants claiming violations of his Fourteenth Amendment Due Process and Equal Protection rights and his Thirteenth Amendment right to be free from slavery or involuntary servitude.  See Compl. at 8, 11,

6

15. Specifically, plaintiff asserts that the appellate court should have held that because of Judge Eiden's recusal, all of the proceedings before him were "voided," "his decisions were done as a private citizen and not in judicial capacity[,]" and plaintiff has since "been forced into slavery and involuntary servitude" through his incarceration.  Id. at 13, ¶ 47; 16, ¶ 58.  Plaintiff seeks "costs, disbursements, attorney fees" and "declaratory relief declaring that defendants must abide by and enforce the decision in People v. Golston 13 A.D. 3d 887 (3rd Dept.) [2004] and properly null and void all proceedings before Judge Eidens and then determine whether subject matter jurisdiction and personal jurisdiction still attach." Id. at 10, 15.  Plaintiff also "asks for declaratory and injunctive relief declaring this slavery or involuntary [servitude] immediately cease until it is determined that [p]laintiff has been duly convicted of a crime during a valid prosecution." Id. at 17.

## C. Analysis[3]

### 1. Statute of Limitations

"The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years."  Johnson v. Fargione, No. 1:20-CV-764 (LEK/CFH), 2021 WL 1406683, at *3 (N.D.N.Y. Feb. 17, 2021), report and recommendation adopted, 2021 WL 1404554 (N.D.N.Y. Apr. 14, 2021).  "Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense."  Kunz v. Brazill, No. 6:14-CV-1471

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

7

(MAD/TWD), 2015 WL 792096, at *5 n.2 (N.D.N.Y. Feb. 25, 2015) (citing Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (additional citation omitted).  Federal constitutional claims accrue once the plaintiff "knows or has reason to know" of the injury that is the subject of the action.  Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (citation omitted); see, e.g., Strong v. New York, No. 1:19-CV-63 (MAD/CFH), 2019 WL 1763010, at *3 (N.D.N.Y. Apr. 22, 2019), report and recommendation adopted, 2019 WL 2723372 (N.D.N.Y. July 1, 2019) (quoting Singleton, 632 F.2d at 192 ("[The p]laintiff's § 1983 claims accrued at the time of defendants' alleged violation of his constitutional rights in connection with the prosecution and defense of his 2004 criminal charges, as that is when he first became aware that he suffered 'from a wrong for which damages may be recovered[.]'").

Liberally construing plaintiff's complaint, he contends that his claims arose when all of the proceedings presided over by Judge Eidens were not "voided" following "the appellate court's dec[ision] in People v. Golston, 13 A.D. 3d 887."  Compl. at 10, ¶ 39; 7,¶¶ 26, 29.  Plaintiff asserts that following the 2004 Appellate Division decision, "all matters, motions, and proceedings held before Judge Eidens" should have been voided. Id. at 15.  As such, plaintiff had three years from the date of that decision, in which he knew or had reason to know, that this his due process and equal protection rights were allegedly being violated, to bring a § 1983 action.  See Singleton, 632 F.2d at 191; see Golston, 13 A.D.3d at 889.  As plaintiff did not bring this claim until nearly eighteen years later, his claims are barred by the statute of limitations.

Plaintiff's allegations arising from Clinton County's, Cortese's, and the Office of the Attorney General's involvement in "(Golston v. Kirkpatrick [Index No. 2015-1110])[,]"

8

are similarly time-barred. Compl. at 7, ¶ 28. Although plaintiff does not provide a year, or an official case cite, it appears that he is referencing "a judgment of the Supreme Court (Cortese, J.), entered January 8, 2016[,] in Clinton County, which, in a proceeding pursuant to CPLR article 70, granted [the government's] motion to dismiss [plaintiff's] petition." People ex rel. Golston v. Kirkpatrick, 153 A.D. 3d 1498, 1498, 59 N.Y.S.3d 912, 913 (2017). As such, from January 8, 2016, at which time plaintiff knew or had reason to know of the alleged wrongs committed by the aforementioned defendants, the three-year statute of limitations would have run in 2019. See Johnson, 2021 WL 1406683, at *3. Accordingly, it is recommended that plaintiff's claims be dismissed with prejudice as the statute of limitations has expired and the defect cannot be cured by amendment of the complaint. See Doe v. Roman Cath. Diocese of Erie, Pa., No. 3:20-CV-0257 (LEK/ML), 2021 WL 5232742, at *7 (N.D.N.Y. Nov. 10, 2021) ("Because [the p]laintiff's claims are barred by the applicable statute of limitations, any repleading would be futile, and thus, [the p]laintiff[']s claims are dismissed with prejudice.").[4]

### 2. Individual Defendants' Immunity

Although the undersigned concludes that plaintiff's § 1983 claims are barred by the statute of limitations, the undersigned also concludes that plaintiff's claims are alternatively barred by defendants' judicial and prosecutorial immunity, the Eleventh Amendment, and Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).

---

[4] "In deference to plaintiff's pro se status, the Court has also considered whether equitable tolling might permit his statute of limitations to be extended." Golden v. Gagne, No. 5:21-CV-85 (DNH), 2022 WL 425485, at *4, n.5 (N.D.N.Y. Feb. 10, 2022). There is nothing in plaintiff's Complaint that evidences, or alludes to, "fraud, misrepresentation[ ] or deception" that would justify equitable tolling. Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) (internal citations and quotation marks omitted).

Plaintiff seeks to bring this action against defendants Cortese and Sypniewski in their official and individual capacities. See Compl. at 1. Plaintiff states that Cortese "dismissed" plaintiff's motion to void the proceedings before Judge Eidens "on procedural grounds never reaching the merits" of the motion. Id. at 7, ¶ 28. Plaintiff asserts that Sypniewski "supported" defendant Carney's opposition to plaintiff's request to void all of the proceedings held before Judge Eidens. See id. at ¶ 27. Plaintiff's case caption refers to Sypniewski as a judge and he contends that "[d]efendants Phillip V. Cortese and Matthew Sypniewski in their official or judicial capacity do not have any type of immunity in this proceeding. Plaintiff is only requesting and is entitled to costs, disbursements, attorney fees, declaratory and injunctive relief." Id. at 17; 1. However, it appears that during plaintiff's state court proceedings, Sypniewski was a Schenectady County Assistant District Attorney and, thereafter, a Schenectady County Court Judge.[5] Because the facts plaintiff sets forth are unclear and out of special solicitude to plaintiff as a pro se litigant, the Court will consider whether immunity would bar the action against Sypniewski in his role as either a judge or prosecutor. See Warren v. Sawyer, 691 F. App'x. 52, 52 (2d Cir. 2017) (summary order) (citation omitted) ("[The Court] afford[s] a pro se litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'").

"[O]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions . . . ." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam).

---

[5] The Court was unable to determine which of plaintiff's state court proceedings Sypniewski participated in. Cf. People v. Weis, 56 A.D.3d 900, 867 N.Y.S.2d 250, 250 (N.Y. App. Div. 2008) (noting that Sypniewski was "of counsel" on the case). Sypniewski became a Schenectady City Court judge in 2011, and a Schenectady County Court judge in 2014. See The Honorable Matthew J. Sypniewski, https://trellis.law/judge/matthew.j.sypniewski (last visited Mar. 29, 2022).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." Montes v. O'Shea, No. 1:21-CV-303 (DNH/ATB), 2021 WL 1759853, at *4 (N.D.N.Y. Apr. 6, 2021), report and recommendation adopted, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when [a judge] takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.'" Id. (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Plaintiff makes no allegations that either Cortese or Sypniewski were acting outside of their judicial capacity or absent jurisdiction; accordingly, both are immune from suit in their individual capacities. See generally Compl.

"While judicial immunity shields judges from suit to the extent they are sued in their individual capacities, the Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities." Washington v. Ciccone, No. 3:21-CV-0564 (MAD/ML), 2021 WL 2935950, at *4 (N.D.N.Y. July 13, 2021), report and recommendation adopted, 2021 WL 4859663 (N.D.N.Y. Oct. 19, 2021) (citing inter alia Libertarian Party of Erie Cnty. v. Cuomo, 970 F.3d 106, 122-23 (2d Cir. 2020) (affirming dismissal of individual capacity claims against state administrative judges based on judicial immunity and official capacity claims based on the Eleventh Amendment)). This is because "'[c]laims against a government employee in his official capacity are treated as a claim against the municipality,' and, thus, cannot stand under the Eleventh Amendment." Jackson v. Gunsalus, No. 5:16-CV-00647 (GLS/TWD), 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016), report and recommendation adopted, 2016

11

WL 3983635 (N.D.N.Y. July 25, 2016) (quoting Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008)).  To the extent plaintiff seeks to bring this action against Cortese and Sypniewski in their official capacities, the suit is barred by the Eleventh Amendment.  Accordingly, the undersigned alternatively recommends dismissing the claims against defendants Cortese and Sypniewski in their individual and official capacities as barred by both judicial immunity and Eleventh Amendment immunity.[6]

Further, if plaintiff intended to bring this action against Sypniewski for his actions taken while he served an Assistant District Attorney, he remains immune from suit.  "It is well-settled that prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation." Montes, 2021 WL 1759853, at *5.  "[A]bsolute immunity only protects conduct that is intimately associated with the judicial process, and does not extend to the prosecutor's role as an investigator[.]" Hillary v. Rain, No. 8:17-CV-659 (GLS/DJS), 2020 WL 6059801, at *2 (N.D.N.Y. Oct. 14, 2020) (citations and quotation marks omitted).  To the extent plaintiff alleges actions "associated with" Sypniewski's "function as an advocate" in opposing his motion to void the proceedings before Judge Eidens, Sypniewski is absolutely immune from suit in his individual capacity.  Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012). To the extent plaintiff seeks to bring this action against Sypniewski in his official

---

[6] The Court also notes that plaintiff's claims appear to be barred by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Under the Rooker-Feldman doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "[1] the plaintiff lost in state court[;] [2] the plaintiff . . . complain[s] of injuries caused by a state-court judgment, [3] the plaintiff . . . invite[s] district court review and rejection of that judgment[;] [and 4] the state-court judgment [was] rendered before the district court proceeding commenced." McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007) (citation and additional alterations omitted).  To the extent plaintiff seeks to have the Court review defendant Cortese's, and potentially defendant Sypniewski's, state court decisions and determine that the courts lacked jurisdiction over plaintiff, invalidating his judgment and conviction, this Court cannot perform such review under the Rooker-Feldman doctrine.  See Compl. at 7, ¶¶ 27-28.

12

capacity as a county prosecutor, "this District has held that claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." Sears v. Carmichael, No. 8:18-CV-909 (DNH/CFH), 2018 WL 7291417, at *2 (N.D.N.Y. Aug. 6, 2018), report and recommendation adopted, 2019 WL 587587 (N.D.N.Y. Feb. 13, 2019) (quoting Wallikas v. Harder, 67 F. Supp. 2d 82, 83 (N.D.N.Y. Oct. 25, 1999)) (additional citations and quotation marks omitted). "The real party in interest in an official capacity suit is the governmental entity and not the named official." Booker v. Board of Educ., Baldwinsville Cent. Sch. Dist., 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002). Plaintiff also named the County of Schenectady as a defendant in this action, and as such, the claims against Sypniewski in his official capacity should be dismissed as "redundant." Sears, 2018 WL 7291417, at *2; see Compl. at 1. Finally, "when a district attorney is sued for damages in his official capacity, the suit is deemed to be a suit against the state," and, thus, the official has "the Eleventh Amendment immunity belonging to the state." McKeon v. Daley, 101 F. Supp. 2d 79, 86 (N.D.N.Y. 2000), aff'd, 8 F. App'x 138 (2d Cir. 2001). Accordingly, it is alternatively recommended that the complaint be dismissed against Sypniewski as an Assistant District Attorney, in his individual and official capacities.

Similarly, plaintiff seeks to sue defendant Carney, as a Schenectady County Assistant District Attorney. See Compl. at 1. Plaintiff contends that "[d]efendant Robert M. Carney vehemently opposed following the appellate court's ruling . . . ." Id. at 7, ¶ 27. For the reasons set forth herein relating to Sypniewski's role as a prosecutor, defendant Carney is similarly absolutely immune from suit in his individual capacity, the

claims against him in his official capacity are redundant of the claims against the County of Schenectady, and the Eleventh Amendment bars suit against him in his official capacity.  See Rodriguez v. City of New York, No. 12-CV-5000 (JSR), 2013 WL 3939160, at *3 (S.D.N.Y. July 23, 2013) ("So long as a prosecutor's conduct is in furtherance of his role as the State's advocate, even if that conduct relates to direct appeals or collateral attacks upon a conviction, absolute immunity will insulate the prosecutor from liability for damages.").  Accordingly, it is alternatively recommended that the claims against Carney be dismissed due to prosecutorial immunity, as redundant of the claims against the County of Schenectady, and due to Eleventh Amendment immunity.

Plaintiff also seeks to bring this action against "Office of the Attorney general, in their official capacity, Attorney General for the State of New York[,]" for "vehemently oppos[ing] following the appellate divisions decree[.]"  Compl. at 7, ¶ 28; 1.  To the extent plaintiff seeks to sue the Attorney General's Office, "as an agency of the State of New York, [the] Attorney General's Office is immune from suit[.]"  Roache v. Att'y Gen.'s Off., No. 9:12-CV-1034 (LEK/DEP), 2013 WL 5503151, at *15 (N.D.N.Y. Sept. 30, 2013) (citing Levy v. Cohen, 439 F. App'x 30, 32 (2d Cir. 2011) (affirming district court's dismissal of the plaintiff's damage claims against the New York State Attorney General's Office "because . . . the Eleventh Amendment provides a state and its agencies with immunity from claims for damages in federal court")).  As such, it is alternatively recommended that the claims against the Attorney General's Office be dismissed on immunity grounds.

If plaintiff's intention was to attempt to sue the New York State Attorney General, as explained, the Eleventh Amendment bars suit against the state and "[a]n action against state officers in their official capacities is tantamount to an action against the state." Montes, 2021 WL 1759853, at *6 (citations omitted). As such, it is alternatively recommended that plaintiff's claims against the New York Attorney General, "in their official capacity," be dismissed.[7] Compl. at 1.

To the extent plaintiff seeks injunctive and declaratory relief, "the Supreme Court established a[n] [] exception [to states' Eleventh Amendment immunity] in *Ex parte Young*, 209 U.S. 123 (1908), allowing prospective injunctive relief . . . against individuals being sued in their official capacities in order to correct an ongoing violation of federal law." Mann v. New York State Ct. of Appeals, No. 1:21-CV-49 (MAD/CFH), 2021 WL 5040236, at *4 (N.D.N.Y. Oct. 29, 2021) (citations and quotation marks omitted). However, plaintiff's Fourteenth Amendment claims seek only retrospective relief, asking that the state court's decisions be overturned. See Compl. at 10, 15. As such, "[p]laintiff is not entitled to injunctive relief because []he allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief. . . . Nor is

---

[7] Although plaintiff does not state that he seeks to sue the New York Attorney General in an individual capacity, such a claim would likely be unable to proceed under a theory of supervisory liability. See Compl. at 1. "Notwithstanding the availability of absolute immunity [to a prosecutor], in order to recover damages in a civil rights action, [the] plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations, and supervisory officials may not be held liable merely because they held a position of authority." Montes, 2021 WL 1759853, at *5 (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Plaintiff has not stated or alluded to any personal involvement from the New York Attorney General in his state court proceedings. See Everett v. Dean, No. 3:20-CV-1260 (GTS/ML), 2021 WL 3038390, at *6 (N.D.N.Y. June 2, 2021), report and recommendation adopted, 2021 WL 3032690 (N.D.N.Y. July 19, 2021) (quoting Tangreti, 983 F.3d at 619 (recommending dismissal because "the Amended Complaint does not plausibly allege '[t]he factors necessary to establish' a link between a constitutional violation and acts that [the d]efendant [] participated in directly.").

[p]laintiff entitled to declaratory relief because []he alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law." Amato v. McGinty, No. 1:21-CV-00860 (GLS/TWD), 2022 WL 226798, at *8 (N.D.N.Y. Jan. 26, 2022) (quotation marks omitted) (quoting Montero, 171 F.3d at 761; Shtrauch v. Dowd, 651 F. App'x 72, 74 (2d Cir. 2016) (summary order)); see 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Insofar as plaintiff seeks to raise a Thirteenth Amendment claim, seeking "declaratory and injunctive relief declaring this slavery or involuntary [servitude] immediately cease[,]" the sought-after relief is similarly unavailable. Compl. at 17. "The *Ex parte Young* doctrine is limited to the situation where an official is acting individually to violate federal constitutional rights and 'does not apply when the state is the real, substantial party in interest.'" Spiteri v. Russo, No. 12-CV-2780 (MKB/RLM), 2013 WL 4806960, at *17 (E.D.N.Y. Sept. 7, 2013), aff'd sub nom. Spiteri v. Camacho, 622 F. App'x 9 (2d Cir. 2015) (quoting Virginia Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 255 (2011)). As explained in relation to the prosecutor defendants and the Attorney General's Office, the real party in interest is the State. See supra at 11-13. Accordingly, plaintiff's Thirteenth Amendment claim seeking declaratory or injunctive relief cannot survive and it is recommended that it be dismissed.[8]

---

[8] To the extent plaintiff challenges his imprisonment under the Thirteenth Amendment, "[a] habeas corpus petition, not a § 1983 suit, is the appropriate vehicle by which to seek relief from illegal confinement." Godley v. Onondaga Cnty., No. 6:16-CV-01419 (DNH/TWD), 2017 WL 2805162, at *6, n.4 (N.D.N.Y. Jan. 6, 2017), report and recommendation adopted, 2017 WL 2804944 (N.D.N.Y. June 28, 2017) (citing Ingram v. Herrick, 475 F. App'x. 793, 794 (2d Cir. 2012); McKithen, 481 F.3d at 102). Plaintiff has previously filed three habeas petitions raising nearly identical arguments to those raised in his complaint,

16

### 3. County Defendants

"A municipal entity may be held accountable for a constitutional violation that has occurred pursuant to 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' . . . .'" Lang v. Zurek, No. 9:18-CV-0506 (TJM/DEP), 2018 WL 6069468, at *6 (N.D.N.Y. Oct. 17, 2018), report and recommendation adopted, 2018 WL 6068416 (N.D.N.Y. Nov. 20, 2018) (quoting Monell, 436 U.S. at 690-91). "Municipal liability can be established in various ways, including through proof of an officially adopted rule or widespread, informal custom[ ] [demonstrating] a deliberate government policy or failing to train or supervise its officers." Id. (citation and quotation marks omitted) (alterations in original). "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). "In other words, a Monell claim cannot succeed without an independent constitutional violation." Anilao v. Spota, 27 F.4th 855 (2d Cir. 2022). Plaintiff has not alleged a policy, pattern, or custom sufficient to state a Monell claim. See generally Compl; see also Syfert v. City of Rome, No. 6:17-CV-0578 (GTS/TWD), 2018 WL 3121611, at *7 (N.D.N.Y. Feb. 12, 2018), report and recommendation adopted, 2018 WL 2316681 (N.D.N.Y. May 22, 2018), aff'd, 768 F. App'x 66 (2d Cir. 2019) (collecting cases dismissing Monell claims where the complaint contains no factual support for the existence of an unconstitutional policy or custom and

---

and all of which have been denied. See Golston v. Bell, No. 9:20-CV-0621 (BKS), 2020 WL 5074019, at *1-2 (N.D.N.Y. Aug. 27, 2020) (explaining plaintiff's history of habeas petitions).

only conclusory allegations referencing a failure to train). Accordingly, it is recommended that plaintiff's claims against the Counties of Clinton and Schenectady be dismissed.

### 4. Opportunity to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). Here, an opportunity to amend would be futile because, as explained, the statute of limitations has run on plaintiff's claims. See supra at 7-8. Accordingly, it is recommended that plaintiff's claims be dismissed with prejudice and without leave to amend.[9]

---

[9] The Court also notes that plaintiff's claims appear to be barred by Heck v. Humphrey. See 512 U.S. 477 (1994). Under Heck, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis omitted). In this action, plaintiff is asking the Court to invalidate state court decisions that upheld the state trial court's jurisdiction over plaintiff in his criminal proceeding. See Compl. at 10, ¶¶ 40-41. A finding that the courts were incorrect and should have found that there was no jurisdiction to prosecute and convict plaintiff would necessarily call into question plaintiff's conviction. There is no indication that plaintiff's conviction has been invalidated such that his claims are also seemingly barred by Heck. See Dorsey v. New York, No. 1:15-CV-858 MAD/ATB, 2015 WL 6738817, at *8 (N.D.N.Y. Nov. 4, 2015) (dismissing the claims under Heck where the "plaintiff alleges that 'res judicata' and 'collateral estoppel' barred defendants from prosecuting plaintiff on the assault charge.").

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 3) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[10]

Dated: April 1, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[10] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).