UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CEDRIC GOLSTON,

                      Plaintiff,

v.                                                      1:21-CV-0914
                                                      (GTS/CFH)

PHILIP V. CORTESE; MATTHEW J. SYPNIEWSKI;
OFFICE OF THE ATTORNEY GENERAL; ROBERT
M. CARNEY; COUNTY OF CLINTON; COUNTY
OF SCHENECTADY; and STATE OF NEW YORK,

                      Defendants.
_____

APPEARANCES:

CEDRIC GOLSTON, 02-A-3634
   Plaintiff, *Pro Se*
Wallkill Correctional Facility
Box G
Wallkill, New York 12589

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Cedric Golston ("Plaintiff") against Clinton County Court Judge Philip Cortese, Schenectady County Court Judge Matthew Sypniewski, the Office of the Attorney General for the State of New York, Schenectady County District Attorney Robert Carney, Clinton County, Schenectady County, and the State of New York ("Defendants"), are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice (and without prior leave to amend) based on several alternative grounds (including untimeliness, absolute immunity, and *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658

[1978]), and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 9, 10.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety.

## I. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

     [3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.    ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only one point.

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

To the extent that Plaintiff seeks declaratory and/or injunctive relief to recognize and/or enforce a prior "decree" issued by the Third Department of the New York State Appellate Division, the purported "decree" consists of a portion of a 2004 decision conceding that the statutory disqualification of Plaintiff's original county court judge under N.Y. Judiciary Law § 14 (Schenectady County Court Judge Michael C. Eidens) rendered Plaintiff's original arraignment and plea void. *See New York v. Golston*, 13 A.D.3d 887, 889 (N.Y. App. Div., 3d Dep't 2004) (""[I]t is true that Judge Eiden's statutory disqualification from defendant's case renders the arraignment and plea void . . . ."). Granted, the Third Department subsequently repeated the established point of law that such a statutory disqualification voids "any prior action taken by such judge in that case before recusal." *New York v. Alteri*, 47 A.D.3d 1070, 1070 (N.Y. App. Div., 3d Dep't 2008) (citing *Golston* and *Harkness Apt. Owners Corp. v. Abdus-Salaam*, 232 A.D.2d 309, 310 [N.Y. App. Div., 1st Dep't 1996]).

However, Plaintiff glosses over the fact that the 2004 decision nonetheless found that Defendant subsequently submitted to the county court's jurisdiction. *See Golston*, 13 A.D.3d at 889 ("[I]it is equally clear that defendant's subsequent appearance and participation at the *Wade* hearing and trial before another judge constituted submission to County Court's jurisdiction . . . ."). As a result, the Third Department denied Plaintiff's motion to vacate his judgment of conviction and affirmed that judgment. *Id.* at 889-90. Moreover, Plaintiff has not alleged or established that the judgment of conviction (which was imposed by Judge Polly A. Hoye on an Amended Indictment) was, in any impermissible and material way, based on evidence obtained pursuant to a search warrant signed by Judge Eidens. Finally, the Court notes that this argument appears to have been rejected numerous times already. *See, e.g., Golston v. Bell*, 20-CV-0621,

5

2020 WL 5074019, at *1-3 (N.D.N.Y. Aug. 27, 2020) (Sannes, J.) (denying and dismissing Plaintiff's fourth habeas corpus petition).

  **ACCORDINGLY**, it is

  **ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 9) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

  **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice.**

  **The Court certifies that an appeal from this Decision and Order would not be taken in good faith.**

Dated: June 9, 2022
   Syracuse, New York

                *[signature]*
                Hon. Glenn T. Suddaby
                Chief U.S. District Judge